# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRYSTAL LACOUR (individually and on behalf of similarly situated persons) | ) ) ) |
| -AND- | ) ) ) |
| MADYSEN SITTON (individually and on behalf of similar situated persons), | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ETHRUE-001, LLC D/B/A EADSCO CLEANING, | ) ) ) ) |
| Defendants. | ) |

Case: 4:23-cv-01479

Jury Trial Demanded

## COMPLAINT

Plaintiff, Chrystal LaCour and Madysen Sitton (collectively "Plaintiffs"), as individuals and on behalf of similarly situated persons, by and through the undersigned counsel, hereby files this Complaint against EthruE-001, LLC d/b/a EadsCO Cleaning ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants' did not pay them overtime wages at a rate of one and one-half times their regular rate of pay. Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime wage case is attached hereto as Exhibit "A."

2. This lawsuit also arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

("FLSA") for Defendants' failure to pay minimum wage for all hours worked to Plaintiff. Plaintiff's consent form to act as representative party plaintiff in this FLSA minimum wage case is attached hereto as Exhibit "A."

3. This lawsuit also arises under the Mo. Rev. Stat. § 290.505. Overtime compensation, ("MOTC") for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons. Plaintiff and other non-exempt employees worked in excess of forty (40) hours per week but Defendants' did not pay them overtime wages at a rate of one and one-half times their regular rate of pay.

4. This lawsuit also arises under the Mo. Rev. Stat. § 290.502. Missouri Minimum Wage Law ("MMWL") for Defendants' failure to pay minimum wage for all hours worked to Plaintiff.

5. This lawsuit also arises under the Mo. Rev. Stat. § 290.100 for Defendant EthruE-001, LLC d/b/a EadsCO Cleaning's failure to provide the required 30 days' notice on unlawful reductions of Plaintiffs' pay.

6. This lawsuit also rises under a common law claim of negligence per se for Defendant's breach of their duty to pay their employees lawfully, which resulted in employees being constructively discharged.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

8. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

9. This Court has pendent jurisdiction and supplementary jurisdiction of Count II

through 28 U.S.C. §1367.

## PARTIES

10.	At all times material to the allegations contained in this Complaint, Plaintiff, Chrystal LaCour, resided in St. Louis County in the State of Missouri.

11.	At all times material to the allegations contained in this Complaint, Plaintiff, Madysen Sitton, resided in Madison County in the State of Illinois.

12.	At all times material to the allegations in this Complaint, Defendant EthruE-001, LLC d/b/a EadsCO Cleaning, was an LLC doing business in and for St. Charles County in the State of Missouri at the following principal address:  1600 Heritage Landing Suite 110, St Charles, MO 63303.

## GENERAL FACTUAL ALLEGATIONS

13.	Plaintiff, Chrystal LaCour, was employed by Defendant as a maid associate (a non-exempt employee) on or about July 2023 through October 30, 2023.

14.	 Plaintiffs, Madysen Sitton, was employed by Defendants as a maid associate (a non-exempt employee) from on or about July 7, 2023 until she quit on or about October 2, 2023.

15.	Plaintiffs' job duties included, but were not limited to, traveling to and from clients' homes, possessing the requisite knowledge on cleaning practices and products, and providing cleaning services within client's homes.

16.	Plaintiffs each performed a specific job which was an integral part of the business of Defendants.

17.	Defendant EthruE-001, LLC d/b/a EadsCO Cleaning is owned and operated by Defendant.

18.	Defendant engaged in interstate commerce by regularly accepted payment for

3

services through interstate commerce means such as credit/debit card transactions, regularly using goods that were obtained out of state, making phone calls outside of the state, and advertising nationwide via website (https://www.eadscocleaning.com/ ).

19. Plaintiffs' hourly rate was $19.00 per hour.

20. Defendant intentionally fails to pay minimum wage for all hours worked or overtime hours over 40 hours to Plaintiffs' by only paying the employees only the "allocated time" that Defendant allocates to the job or house to be cleaned and not paying the time worked past the allocated time.

21. Example includes: Defendant would arbitrarily allocate a three hour time limit for one house, but the job would actually take five hours, and as a result, the employee would not be paid for the two hours it took to clean the entire home.

22. Accordingly, this practice resulted in Plaintiffs' not being paid minimum wage for all hours worked or overtime hours over 40 hours to Plaintiffs' each week employed.

23. Defendant is in possession of the time records.

24. Also, Defendant has a practice of reducing employee's wages as a way to discipline employees.

25. Defendant's decision to reduce an employee's pay arbitrary and most of the time without cause or as a sham to reduce employee's wages.

26. Plaintiffs' are not provided a thirty-day notice before the reduction of their wages.

27. Throughout Plaintiffs' employment with Defendant, Defendant unlawfully deducted from their earned wages and failed to pay Plaintiffs' agreed upon wages.

28. Example: Through the pay period from July 30, 2023 to August 13, 2023, Plaintiff Chrystal LaCour's $19.00 pay rate was reduced to the rate of $16.00 per hour for attendance or a

customer complaint.

29. Example: Through the pay period from August 13, 2023 to August 26, 2023, Plaintiff Chrystal LaCour's $19.00 pay rate was reduced to the rate of $16.00 per hour for attendance or a customer complaint.

30. Example: Through the pay period from September 10, 2023 to September 23, 2023, Plaintiff Chrystal LaCour's $19.00 pay rate was reduced to the rate of $16.00 per hour for attendance or a customer complaint.

31. Example: Through the pay period from September 24, 2023 to October 7, 2023, Plaintiff Chrystal LaCour's $19.00 pay rate was reduced to the rate of $16.00 per hour for attendance or a customer complaint.

32. As a result, of this unlawful and intentional practice, on or about October 30, 2023, Plaintiff Chrystal LaCour was left with no choice but to quit her job because Defendant repeatedly unlawfully reduced her wages whenever Defendant felt like it.

33. Example: Through the pay period from August 27, 2023 to September 9, 2023, Plaintiff Madysen Sitton was unlawfully paid at a rate of $15.00 per hour.

34. Example: Through the pay period from September 10, 2023 to September 23, 2023, Plaintiff Madysen Sitton was unlawfully paid at a rate of $15.00 per hour.

35. As a result, of this unlawful and intentional practice, on or October 2, 2023, Plaintiff Madysen Sitton was left with no choice but to quit her job because Defendant repeatedly unlawfully reduced her wages whenever Defendant felt like it.

36. Defendant is held to a reasonable person standard.

37. Defendant had a duty to follow federal and state wage and hour laws.

38. Defendant breached that duty as stated above.

39. Because of the breach and violation of the law, Plaintiffs' were left but no other choice but to be constructively discharged.

40. Also, as a result of these wrongful practices, Plaintiffs were not paid at a rate of 100% of their regular rate of pay for all hours worked due to Defendant's unlawful deductions

41. To present, Plaintiffs have still not received full wage payment for all hours of work, overtime, or reimbursement for the improper deductions.

## §216(b) COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff asserts the Court I claim, pursuant to 29 § 216(b) on behalf of them and on behalf of all similarly situated employees currently and formerly employed by Defendant.

43. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Defendant who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

44. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

## §206 COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff asserts his Count II claims, pursuant to 29 § 216(b) on behalf of them and on behalf of all similarly situated employees currently and formerly employed by Defendant.

46. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **206 Class: All current and former employees of Defendant who were not compensated minimum wage for all hours worked.**

6

47. All potential 206 Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wages for all hours worked.

### Mo. Rev. Stat. § 290.505. COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff asserts the Court III claim, pursuant to Mo. Rev. Stat. § 290.505. on behalf of them and on behalf of all similarly situated employees currently and formerly employed by Defendant.

49. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **Mo. Rev. Stat. § 290.505.  Class: All current and former employees of Defendant who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

50. All potential Mo. Rev. Stat. § 290.505.  Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid no more than forty (40) hours a work week without regard to the actual number of hours worked, which far exceeded forty (40) hours.

### Mo. Rev. Stat. § 290.502.  COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff asserts his Count IV claims, pursuant to Mo. Rev. Stat. § 290.502. on behalf of them and on behalf of all similarly situated employees currently and formerly employed by Defendant.

52. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **Mo. Rev. Stat. § 290.502.  Class: All current and former employees of**

7

**Defendant who were not compensated minimum wage for all hours worked.**

53. All potential Mo. Rev. Stat. § 290.502. Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wages for all hours worked.

### Mo. Rev. Stat. § 290.100 COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff asserts his Count III claims, pursuant to Mo. Rev. Stat. § 290.100 on behalf of them and on behalf of all similarly situated employees currently and formerly employed by Defendant.

55. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

**Mo. Rev. Stat. § 290.100 Class: All current and former employees of Defendant who were not provided at least thirty days' notice for reduction of their wages.**

56. All potential § 290.100 Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; not provided at least thirty days' notice for reduction of their wages.

### COUNT I
**Violation of the Fair Labor Standards Act – Failure to Pay Overtime**
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

57. Plaintiff hereby repeats and incorporates paragraphs 1-56 as if set forth fully herein.

58. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

59. During the course of his employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

60. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

61. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

62. Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

63. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

## COUNT II
### Violation of the Fair Labor Standards Act
### (Failure to Pay Minimum Wages)

64. Plaintiff hereby repeats and incorporates paragraphs 1-56 as if set forth fully herein.

65. This count arises from Defendant violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for their failure to pay minimum wages to Plaintiff for all hours worked.

66. During the course of her employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

67. Plaintiff was directed by Defendants to work, and did work, and was not paid for all hours worked due to only paying for hours that were allocated to a job and not for the actual

9

hours that were actually worked. .

68. Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff worked she was entitled to be compensated at a rate 100% of her regular rate of pay and at least minimum wage.

69. Defendants did not compensate Plaintiff at a rate of 100% of her regular rate of pay or minimum wage for all hours worked in individual workweeks.

### COUNT III
### Violation of the Mo. Rev. Stat. § 290.505– Failure to Pay Overtime
**(Plaintiff on his own behalf and on behalf of all similarly-situated employees)**

70. Plaintiff hereby repeats and incorporates paragraphs 1-56 as if set forth fully herein.

71. This count arises from Defendants' violation of the Mo. Rev. Stat. § 290.505., for their failure to pay overtime wages to Plaintiff and all other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

72. During the course of his employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the overtime wage provisions of the Mo. Rev. Stat. § 290.505.

73. Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

74. Pursuant to Mo. Rev. Stat. § 290.505, for all weeks during which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

75. Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

76. Defendants' failure and refusal to pay overtime wages for hours worked in excess

10

of forty (40) hours per week was a willful violation of the Mo. Rev. Stat. § 290.505.

## COUNT IV
### Violation of the Mo. Rev. Stat. § 290.502.
### (Failure to Pay Minimum Wages)

77.Plaintiff hereby repeats and incorporates paragraphs 1-56 as if set forth fully herein.

78.This count arises from Defendant violations of the Mo. Rev. Stat. § 290.502., for their failure to pay minimum wages to Plaintiff for all hours worked.

79.During the course of her employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the Mo. Rev. Stat. § 290.502.

80.Plaintiff was directed by Defendants to work, and did work, and was not paid for all hours worked due to only paying for hours that were allocated to a job and not for the actual hours that were actually worked. .

81.Pursuant to Mo. Rev. Stat. § 290.502, for all weeks during which Plaintiff worked she was entitled to be compensated at a rate 100% of her regular rate of pay and at least minimum wage.

82.Defendants did not compensate Plaintiff at a rate of 100% of her regular rate of pay or minimum wage for all hours worked in individual workweeks.

## COUNT V
### Violation of the Mo. Rev. Stat. § 290.100
### (Failure to Provide Notice of Reduction of Wages)

83.Plaintiff hereby repeats and incorporates paragraphs 1-56 as if set forth fully herein.

84.This count arises from Defendant violations of Mo. Rev. Stat. § 290.100, for their failure to provide notice of reduction of wages

85.Defendant shall give to the employees to be affected thereby thirty days' notice thereof and they did not habitually.

86. Such company or corporation violating any of the provisions of this section shall forfeit and pay each party affected thereby the sum of fifty dollars, to be recovered by civil action in the name of the injured party, with costs, before any court of competent jurisdiction.

87. Defendants' failure to adhere to this statute provides Plaintiffs' an entitlement to a remedy.

## COUNT VI
## Common Law – Negligence Per Se

88. Plaintiff hereby repeats and incorporates paragraphs 1-56 as if set forth fully herein.

89. Defendant is held to a reasonable person standard.

90. Defendant had a duty to follow federal and state wage and hour laws.

91. Defendant breached that duty as stated above.

92. Because of the breach and violation of the law, Plaintiffs' were left but no other choice but to be constructively discharged, resulting in lost wages and other compensatory damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

   a. Back Pay;

   b. Liquidated damages

   c. Prejudgment interest;

   d. Reasonable attorneys' fees and costs incurred in filing this action;

   e. Compensatory Damages

   f. Punitive Damages; and

   g. For such other and further relief as this Court deems appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of November 2023.

/s/ *Mohammed O. Badwan*
**MOHAMMED O. BADWAN, ESQ.**
IL Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*