UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CHRYSTAL LACOUR, et al.,** | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) No. 4:23-CV-01479-SRW |
| | ) |
| **ETHRUE-001, LLC,** | ) |
| | ) |
| Defendant(s). | ) |

**CONSOLIDATED REPLY MEMORANDUM IN SUPPORT OF
MOTIONS TO DISMISS COUNTS I-IV AND TO ABSTAIN AS TO COUNT V**

EthruE-001, LLC d/b/a EadsCO Cleaning ("Defendant" or "Eads") submits this consolidated reply memorandum in support of its previously filed Motion to Dismiss, for failure to state a claim, Counts I, II, III, IV & VI of the Complaint of Plaintiffs Chrystal LaCour and Madysen Sitton (collectively "Plaintiffs") [Dkt. # 8 & 9][1], and its Motion to Abstain as to Count V. [Dkt. # 13 & 14]:

I.   **Motion to Dismiss Counts I-IV**

Plaintiffs claim in their Memorandum in Opposition to the Motion to Dismiss Counts I-IV that, "Defendant's [sic] failed to pay Plaintiffs for all hours worked, which is a failure to pay minimum wage." [Dkt. #15, pg. 8]. That is a patently incorrect statement of the law. Whether an employee is paid the applicable minimum wage is determined by dividing the total weekly wage paid by the employer by the total number of hours actually worked by the employee in that workweek. *See e.g. Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir.

---

[1] Plaintiffs' Response states in a footnote that Defendant failed to submit a memorandum of law in support of its Motion to Dismiss. [Dkt. # 15, pg. 1]. Docket Entry Number 9 is the Memorandum in Support of Defendant's Motion to Dismiss.

Page 1 of 7

1986); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir.1960); 8 CSR 30-4.020(1). Thus, it is entirely possible for an individual to not be paid for all hours worked but still be paid minimum wage. *Id*. It is for that very reason that Courts require plaintiffs claiming a failure to pay minimum wage to, "allege the hours worked for which these wages were not received." *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102–03 (S.D. Iowa 2008) (*quoting Zhong v. August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y.2007)). Plaintiffs' Complaint fails to do so and must therefore be dismissed.

Plaintiffs argue that the allegations of paragraphs 20-22[2] suffice [Dkt. # 15, pgs. 7-8], but they plainly do not.  Paragraph 20 merely states that only allocated time was paid for.  Paragraph 21 provides an example that, in one instance, a house took 5 hours to clean but Plaintiff was only paid for 3 hours of work.  Even assuming these allegations to be true, they do not demonstrate that either Plaintiff was paid less than the federal or Missouri minimum wage. Plaintiffs have alleged no facts showing the pay they received in any workweek divided by the hours they worked in that workweek resulted in them receiving less than the state or federal minimum wage for all hours worked.

As to their overtime claims, Plaintiffs claim that "…due to Defendant not counting/paying for all hours worked results in a failure to pay overtime because if all hours worked were counted correctly the employees were not being paid overtime for the actual hours worked past 40 hours." [Dkt. # 15, pg. 8]. That statement is both confusing and fails to address the lack of facts in the

---

[2] Paragraph 23 alleges, "…this practice resulted in Plaintiffs' not being paid minimum wage for all hours worked or overtime hours over 40 hours to Plaintiffs' each week employed."  Courts have uniformly found that such conclusory allegations are simply a reformulation of the FLSA's requirements and are thus legal conclusions insufficient to defeat a motion to dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*; Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 86 (2d Cir. 2013).

Complaint.  It is confusing because it is not clear if Plaintiffs are claiming certain hours over 40 were not counted, or whether they were counted but were not paid for; or some combination of the two. This confusing explanation only highlights the utter lack of requisite factual allegations of the Complaint. The Complaint's allegations must put the Defendant on notice of the violation underlying Plaintiffs' claims. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the **nature and basis or grounds for a claim**[.]'") (citations omitted, emphasis added).  Because it does not, these claims must be dismissed.

Regardless, Plaintiffs' argument fails to address the fact that there are no factual allegations sufficient to state an overtime violation of either the FLSA or MMWL's overtime requirements. Plaintiffs point to the same three paragraphs of the Complaint they claim demonstrate a violation of the federal and state minimum wage requirements: paragraphs 20-22. But as discussed above, those conclusory allegations contain no facts that identify any workweek in which Plaintiffs worked more than 40 hours but were not properly paid an overtime premium.  Thus, Plaintiffs' overtime claims must be dismissed.

Plaintiffs cite the Eighth Circuit's decision in *Zanders v. Swanson*, in support of their argument that they have pleaded enough, but that case is completely inapplicable.  In *Zanders*, the Eighth Circuit reviewed the dismissal of two pre-enforcement challenges to a Minnesota state criminal statute under 42 U.S.C. § 1983 based upon lack of standing and application of the *Younger* abstention doctrine. *Id.*, 573 F.3d 591, 592 (8th Cir. 2009). There was no FLSA claim in the case, and the issue was not a failure to plead sufficient facts; but rather whether the plaintiffs had Article III standing to pursue the challenge. *Id.* at 594. *Zanders* is therefore of no help to Plaintiffs.

Plaintiffs' citation to *Zornes v. Thompson Transportation Inc.*, is also unavailing. The opinion cited by Plaintiffs is a ruling granting the defendant's motion for summary judgment; not a motion to dismiss for failure to state a claim. *Id.*, No. 4:19-CV-00474-LPR, 2020 WL 6438252, at *7 (E.D. Ark. Nov. 2, 2020). The section of the opinion quoted by Plaintiffs is part of the district court's discussion of the *evidence* plaintiff submitted in opposition to summary judgment and whether a plaintiff's shifting estimates of hours worked was sufficient to create an issue of fact as to whether she was denied overtime pay. *Id*. Again, the opinion is irrelevant to whether Plaintiffs' Complaint pleads sufficient facts to make a minimum wage or overtime claim plausible.

For the reasons set forth in Defendant's Motion and those set forth above, Counts I-IV must be dismissed for failure to state a claim upon which relief can be granted.

## II.      Motion to Abstain

Plaintiffs have failed to identify any reported state or federal case addressing the complex and novel issues raised by application of Mo. Rev. Stat. § 290.100 to this case. *Aaron v. Brown Group*, addressed the appropriate statute of limitations for a Worker Adjustment and Retraining Notification (WARN) Act claim. *Id*. 80 F.3d 1220, 1225 (8th Cir. 1996). There was no claim under section 290.100 in *Aaron*. *Id*. The Eighth Circuit simply observed that notice violations under the WARN Act are different in kind from violations of section 290.100. *Id*. The Court it did not interpret or apply section 290.100 in any way.

The same is true of the two Missouri Court of Appeals cases Plaintiffs cite. *Brown v. Milner Hotel*, involved a claim brought under Mo. Rev. Stat. § 290.1<u>1</u>0 – which relates to final wages paid to discharged employees – <u>not</u> section 290.100. *Id.*, 332 S.W.2d 59, 62 (Mo. Ct. App. 1960). The Court's reference in *Brown* to Section 290.100 is therefore pure *obiter dicta*. The *Brown* Court's single reference to section 290.100 is simply a summary of the statute's requirements. *Id*. *Brown* is not authoritative, nor does it provide any useful guidance in this case.

Finally, Plaintiffs cite a footnote in *Stansbrough v. Vitek Solutions, Inc.*, 445 S.W.3d 90, 104, n.7 (Mo. Ct. App. 2014). In *Stansbrough*, an installation technician of a contractor for Charter Communications claimed that he agreed to a piece-rate schedule outlining what he would be paid, but the contractor paid him only the amount it was reimbursed by Charter rather than according to the schedule. *Id*. at 104. *Stansbrough* involved no disciplinary deductions and contains no significant or helpful discussion of section 290.100 in the context of this case; likely because it found disputed issues of fact and because the statutory claim was merged with a breach of contract claim. *Id*.  In sum, none of the cases cited by Plaintiffs provide guidance to this Court on the complex and novel issues of state law Defendant outlined in its Motion to Abstain.

Instead, Plaintiffs spill significant ink discussing how much more *convenient* it would be for the Court to exercise supplemental jurisdiction over section 290.100. Congress understood the value in addressing all related state and federal claims in a single proceeding by enacting 28 U.S.C. § 1367(a). But Congress also understood the looming federalism concerns where a federal court is asked to decide a "novel or complex" issue of state law in the first instance, which is why in 28 U.S.C. § 1367(c) it also expressly gave federal courts discretion to decline the exercise of federal jurisdiction involving those issues. Congress's enactment of subsection (c) demonstrates that the convenience of the parties is subordinate to federalism concerns. The convenience of the parties is therefore not a material consideration in deciding whether to exercise supplemental jurisdiction.

None of the cases Plaintiffs cite in support of this argument suggest otherwise.  First and foremost, only one of the cases cited even references 28 U.S.C. § 1367(c).  The one that does – *Phillips v. City of Albuquerque* – does not even mention convenience of the parties. *Id.*, No. CV 97-1324 JP/LFG, 1998 WL 36030893 (D.N.M. Mar. 24, 1998). Instead, it affirms that a Court's sole inquiry is whether the claim involves a novel or complex issue of state law.  *Id.* at *3.

Last, but far from least, nowhere in their response do Plaintiffs grapple with any of the issues raised by Defendant's Motion to Abstain, nor do they identify the "ample guidance" they assure the Court exists when doing so. [Dkt. # 15, pg. 5]. Plaintiffs concede that an employer can reduce employee wages as a means of discipline but insist "the exact reason" section 290.100 was enacted was to prevent disciplinary deductions without 30 days' notice. *Id.* at *5. Which decision cited by Plaintiffs says that? None do. Moreover, which decision gives this Court guidance on the interplay between the notice requirements of section 290.100 and the payment requirements of Mo.Rev.Stat. § 290.080 in the context of disciplinary deductions? Again, none do.

Plaintiffs assert, without explanation, that the Court's decision, "would not have a broad impact on employers throughout Missouri." *Id.* at *4. The foregoing demonstrates the contrary. Because Plaintiffs' claims under section 290.100 involve a novel and complex issue of Missouri law, the Court should decline to exercise supplemental jurisdiction and dismiss Count V.

WHEREFORE, EthruE-001, LLC d/b/a EadsCO Cleaning respectfully requests that this Court grant its Motions to Dismiss and to Abstain, and for other such relief as the Court deems just and proper.

Respectfully submitted,

**McMAHON BERGER, P.C.**

*/s/ Rex P. Fennessey*
Kevin Lorenz, 31707 MO
Rex P. Fennessey, 58925 MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350 – (Telephone)
(314) 567-5968 – (Facsimile)
lorenz@mcmahonberger.com
fennessey@mcmahonberger.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of January, 2024, a true and correct copy of the foregoing was served via the Court's electronic filing system upon the following:

Mohammed Badwan
Sulaiman Law Group, Ltd
2500 S. Highland Avenue, Suite 200
Lombard, IL  60148
mbadwan@sulaimanlaw.com

*Attorneys for Plaintiff*

                                                                */s/ Rex P. Fennessey*