# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRYSTAL LACOUR, *individually and on behalf of similarly situated persons,* et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) No. 4:23-CV-1479 RLW |
| v. | )<br>) |
| ETHRUE-001, LLC d/b/a *Eadsco Cleaning,* | )<br>)<br>)<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant EthruE-001, LLC's Motion to Dismiss Counts I-IV and VI of the plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 8). Also before the Court is Defendant EthruE-001, LLC's Motion to Abstain. (ECF No. 12). In its Motion to Abstain, the defendant urges the Court to abstain from exercising jurisdiction over Count V pursuant to 28 U.S.C. § 1367(c). The plaintiffs oppose both motions, which are fully briefed and ripe for review. For the reasons that follow, the Court grants Defendant EthruE-001, LLC's Motion to Dismiss and Motion to Abstain.

### *I. Background*

In their Complaint, Plaintiffs Chrystal LaCour and Madysen Sitton ("Plaintiffs") allege that they were employed by Defendant EthruE-001 LLC ("EthruE-001" or "Defendant") as non-exempt employees. Plaintiffs assert wage and hour claims against EthruE-001for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500, et seq., and the Missouri Unpaid Wage Law ("MUWL"), Mo. Rev. Stat. § 290.100, et seq. Plaintiffs also bring claims under Missouri common law.

Plaintiffs assert the following claims against EthruE-001: Failure to Pay Overtime in violation of the FLSA, 28 U.S.C. § 207, (Count I); Failure to Pay Minimum Wages in violation of the FLSA, 28 U.S.C. § 206, (Count II); Failure to Pay Overtime in violation of the MMWL, Mo. Rev. Stat. § 290.505, (Count III); Failure to Pay Minimum Wages in violation of the MMWL, Mo. Rev. Stat. § 290.502 (Count IV); Failure to Provide Notice of Reduction of Wages, in violation of MUWL, Mo. Rev. Stat. § 290.100, (Count V); and negligence per se, (Count VI). Plaintiffs bring individual claims and also seek to represent other similarly situated non-exempt employees under FLSA and Missouri's wage and hour laws.

EthruE-001 filed a Motion to Dismiss Counts I, II, III, IV, and VI pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues Plaintiffs fail to sufficiently allege claims for overtime and minimum wage violations under the FLSA and MMWL. Defendant further argues that Plaintiffs' claims of negligence per se are not actionable under Missouri law. Defendant also filed a Motion to Abstain with regard to Count V. EthruE-001 urges the Court to decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), over Plaintiffs' claims under the MUWL in Count V. Defendant argues that the MUWL claims present an issue of first impression under Missouri law and urges the Court to decline to decide this novel and complex issue, which, it contends, would have a broad impact on employment law in the State of Missouri. Plaintiffs oppose both motions. However, they concede and move to dismiss voluntarily Count VI, their claims for negligence per se.

## II.  Rule 12(b)(6) Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

570 (2007)).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  The facts alleged must "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  Id.

### III.     Factual Allegations

Plaintiff LaCour alleges that she was employed by EthruE-001 as a maid associate from July 2023 through October 2023.  Plaintiff Sitton alleges that she was employed by EthruE-001 as a maid associate from July 7, 2023, until she quit on October 2, 2023.  Both Plaintiffs allege that their job duties included "traveling to and from clients' homes, possessing the requisite knowledge on cleaning practices and products, and providing cleaning services within client's homes." (ECF No. 1 at 3).  Plaintiffs allege their "hourly rate" was $19.00. (Id. at 4).

3

According to the Complaint, Plaintiffs were paid, at least in part, by allocated job.  More specifically, they allege the following:

> Defendant intentionally fails to pay minimum wage for all hours worked or overtime hours over 40 hours to Plaintiffs' [sic] by only paying the employees only the "allocated time" that Defendant allocates to the job or house to be cleaned and not paying the time worked past the allocated time. Example includes: Defendant would arbitrarily allocate a three hour time limit for one house, but the job would actually take five hours, and as a result, the employee would not be paid for the two hours it took to clean the entire home.  Accordingly, this practice resulted in Plaintiffs' [sic] not being paid minimum wage for all hours worked or overtime hours over 40 hours to Plaintiffs' [sic] each week employed.

(Id.)

Plaintiffs further allege that EthruE-001 has a practice of arbitrarily reducing employees' wages, sometimes without cause, as a way to discipline its employees.  Plaintiffs maintain that employees are not provided 30-day notice before the reductions to their wages occur.  Plaintiffs allege that throughout their employment, EthruE-001 "unlawfully deducted from their earned wages and failed to pay Plaintiffs' agreed upon wages."  (Id.)  Plaintiff LaCour provides four examples of pay periods when EthruE-001 reduced her hourly rate from $19.00 per hour to $16.00 per hour "for attendance or a customer complaint."  (Id. at 4-5, ¶¶ 28-31).  Plaintiff Sitton provides two examples when she was "unlawfully paid at a rate of $15.00 per hour."  (Id. at 5, ¶¶ 33-34).  However, there are no allegations in these examples as to the number of hours Plaintiffs actually worked, the number of hours for which they were paid, and/or the total amount of wages they were paid during the respective pay periods.  Moreover, there are no factual allegations in the Complaint as to the number of hours Plaintiffs worked and the amount they were paid during any specific week or pay period.

*IV. Discussion*

**A. The Complaint Fails to State Claims for Wage and Hour Violations under the FLSA and MMWL.**

    1.    <u>Minimum wage</u>

The FLSA requires all employees be paid a minimum of $7.25 per hour, and in 2023, and the MMWL requires all employees be paid a minimum of $12.00 per hour. <u>See</u> 29 U.S.C. § 206(a)(1)(C); Mo. Rev. Stat. § 290.502.3. Under both the FLSA and the MMWL, evaluating whether an employee has been paid the applicable minimum wage is determined by dividing the total amount of wages the employer paid the employee for the workweek by the total number of hours the employee actually worked in that workweek. <u>See, e.g.</u>, <u>Hensley v. MacMillan Bloedel Containers, Inc.</u>, 786 F.2d 353, 357 (8th Cir. 1986); 8 C.S.R. 30-4.020(1) (describing minimum wage calculation as "total wages earned" divided by "the total hours worked.").[1] Therefore, "no violation [of minimum wage requirements] occurs so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." <u>Dunn v. Dubuque Glass Co.</u>, 870 F. Supp. 2d 654, 663 (N.D. Iowa 2012) (quoting <u>Hensley v. MacMillan Bloedel Containers, Inc.</u>, 786 F.2d 353, 357 (8th Cir. 1986)); <u>see also</u> <u>United States v. Klinghoffer Bros. Realty Corp.</u>, 285 F.2d 487, 490 (2d Cir. 1960).

Defendant contends that the factual allegations regarding overtime violations are deficient, because Plaintiffs fail to allege how many hours they worked and how much they were actually paid in any given workweek. Defendant points to the fact that Plaintiffs allege that their hourly

---

[1] The MMWL expressly provides that it "shall be interpreted in accordance with the Fair Labor Standards Act… and any regulations promulgated thereunder." Mo. Rev. Stat. § 290.505.4.

5

rate was $19.00 per hour, which is well-above the minimum wage rate provided for in both the FLSA and MMML.  Defendant further argues that even if Plaintiffs' hourly was reduced to $15.00 per hour, this hourly rate is still above the federal and state minimum wage rates.

In their Response in Opposition, Plaintiffs argue that in order to state a claim for minimum wage violations, they need only allege that they were not paid for all hours worked.  In other words, "Defendant's failed to pay Plaintiffs for all hours worked, which is a failure to pay minimum wage."  (ECF No. 15).  This is an inaccurate statement of the law.

"The [FLSA] does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis[.]" 29 C.F.R. § 778.109. See also 8 C.S.R. § 30-4.020(1) (MMWL authorizes employees to be paid "on an hourly, salaried, commissioned, or any other basis[.]").  In fact, the FLSA expressly recognizes the arrangement the Complaint describes – pay for a particular job, regardless of the number of hours worked at the job.  29 C.F.R. § 778.312(a)(1) (describing job or task rate arrangements). See also 29 C.F.R. § 778.112 (authorizing employers to pay employees on a piece rate basis or "for doing a particular job, without regard to the number of hours worked in the day or at the job[.]"). The payment arrangement described in the Complaint is lawful under both the FLSA and MMWL, if employees are paid at least the applicable minimum wage for all hours worked.  As stated above, whether an employee is paid the applicable minimum wage is determined by dividing the total weekly wage the employer paid by the total number of hours the employee actually worked in that workweek. Hensley, 786 F.2d at 357.  Therefore, as Defendant asserts, it is possible for an individual not to be paid for hours worked above the allotted times for jobs and still be paid the minimum wage for the workweek.

6

In their Complaint, Plaintiffs allege that they were paid only for allocated time, that is, the amount of time Defendant allocated for a job or a house and not the amount of time it actually took to do the job or clean the house.  Plaintiffs provide one factual example in their Complaint. Plaintiffs allege that Defendant allocated three hours for one house, but the job would take five hours and, therefore, "the employee" would not be paid for two hours of cleaning. (ECF No. 1 at 4). As a result, Plaintiffs aver that they were not being paid the minimum wage for all hours worked.

Setting aside that the Complaint does not identify who cleaned this house – "the employee" could be Plaintiff LaCour, Plaintiff Sitton, or another individual that Plaintiffs seek to represent – the allegations do not state a plausible minimum wage claim, because even if the Court were the accept the factual allegations as true, Plaintiffs would not be entitled to relief.  As addressed above, payment by job allocation is lawful under the FLSA and MMWL.  One example of not being paid all hours on one small, allotted job does not establish Plaintiffs were paid less than the federal or Missouri minimum wage during the course of a workweek. There may be times when payment by job allocation goes in the employer's favor and other times when it goes in the employee's favor. But even when the allocated time always goes in the employer's favor, the practice is still lawful, if the total amount of wages paid for the workweek divided by the number of hours actually worked is equivalent to or more than the applicable minimum wage. See 29 C.F.R. § 778.112; Hensley, 786 F.2d at 357.  There are no factual allegations in the Complaint as to the number of hours Plaintiffs worked and the amount they were paid during a particular workweek.  And without more, the conclusory statement that Plaintiffs were not being paid minimum wage for all hours worked amounts to a legal conclusion that is insufficient to defeat a motion to dismiss for failure to state a claim. See Iqbal, 556 U.S. at 678.

7

Plaintiffs argue that they need not plead how many hours they worked because § 211(c) of the FLSA requires employers to track and record their employees' work time. Citing to one case, Zornes v. Thompson Transportation, Inc., No. 4:19-CV-474-LPR, 2020 WL 6438252, at *1 (E.D. Ark. Nov. 2, 2020), Plaintiffs assert that in light of this statutory requirement, "the United States Supreme Court and the Eighth Circuit have made clear that when an employer fails to keep wage and hour records, employees cannot be denied recovery because the precise extent of their work cannot be proven." (ECF No. 15 at 8).

First, the case to which Plaintiffs cite is an unpublished case from the U.S. District Court, Eastern District of Arkansas. But more importantly, the issue in the Zornes case was an evidentiary issue on summary judgment, not whether the plaintiff had stated a claim for violations of the FLSA in her pleadings. 2020 WL 6438252, at *7. Furthermore, the court in Zornes noted that the relaxed standard used in the absence of payroll records did not apply to proving liability, a burden which remained with the plaintiff, but rather it was to be used in determining the extent of the damages once liability was established. Id. Finally, the court in Zornes found the plaintiff had not met her burden of proof of establishing the defendant had violated the FLSA, and the court entered judgment in the defendant's favor. Id. at *7-8.

Here, Plaintiffs may not have access to all of their payroll records, but they should have some personal knowledge regarding the number of hours they worked and the amount they were paid. The Eighth Circuit has not specifically addressed what level of detail is required to state a claim for wage and hour violations under the FLSA following Iqbal and Twombly, but it is clear that legal conclusions and recitation of the elements is not enough. Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 962 (8th Cir. 2015). The Court agrees with other circuit courts holding that in order to state a claim, a plaintiff need not allege with precision the exact number of

8

hours worked and the amount of wages paid, but a plaintiff must allege at least some facts from which a plausible inference can be made that the defendant violated the FLSA. Hirst v. Skywest, Inc., 910 F.3d 961, 966 (7th Cir. 2018) ("a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid."); Landers v. Quality Commc'ns., Inc., 771 F.3d 638, 644-46 (9th Cir. 2014), as amended (Jan. 26, 2015) (holding plaintiffs need not plead facts with "mathematical precision," but to state an overtime violation, they "should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages."). As discussed above, whether a minimum wage violation occurred is determined by dividing the total amount of wages the employee was paid by the number of hours the employee worked during a workweek. Therefore, the Court finds for a minimum wage claim, a plaintiff must allege facts that show there was at least one workweek when the defendant did not pay the plaintiff the applicable minimum wage for the total number of hours the plaintiff worked. Id.

Allegations that Plaintiffs were paid on an allocated job basis, and that there was one job when an employee worked two hours more than the allocated time for cleaning a house are not sufficient. There are no factual allegations in the Complaint that Plaintiffs were not paid the applicable minimum wage for the total amount of hours they worked in even one workweek. Plaintiffs in this case have failed to state a claim for minimum wage violations under either the FLSA or the MMWL.

    2.    Overtime

For many of the same reasons outlined above, the Court also finds Plaintiffs fail to state claims of overtime violations under either the FLSA or MMWL. Both the FLSA and MMWL

9

require that employees who work more than 40 hours in a workweek be paid at a rate no less than "one and one-half times the regular rate" at which they are employed for the hours they worked above 40 hours. See 29 U.S.C. § 207; Mo. Rev. Stat. § 290.505. Where, as here, employees are paid on a basis other than an hourly rate, "the regular hourly rate is derived… by dividing the total compensation… by the total hours of work for which the payment is made." 29 C.F.R. § 778.308; see also 29 C.F.R. § 778.112.

Plaintiffs rely on the same allegations for their overtime claims as their minimum wage claims. In support of their argument that they state a claim for overtime violations, Plaintiffs point to the one example when an employee was paid three hours for a job that took five hours to complete. The Complaint summarily asserts "this practice resulted in Plaintiffs' [sic] not being paid minimum wage for all hours worked or overtime hours over 40 hours to Plaintiffs' [sic] each week employed." (ECF No. 1 at 4, ¶ 22).

It is not clear from this one example whether Plaintiffs are alleging that EthruE-001 did not count the unallocated hours Plaintiffs worked in calculating the total hours they worked for a workweek, or that EthruE-001 counted the unallotted in the total amount worked but the hours were not paid at the proper rate. This ambiguity, however, is of no import, because Plaintiffs do not sufficiently allege that they worked more than 40 hours in a given workweek, and they were not paid 1.5 times their regular rate of pay for the hours they worked over 40 hours. Landers, 771 F.3d at 644-46. See also Hall v. DIRECTV, LLC, 846 F.3d 757, 777–78 (4th Cir. 2017) (employing a more lenient pleading standard, the court wrote "our consideration of the sufficiency of [the p]laintiffs' claims must again focus on the degree to which [the p]laintiffs have alleged that they worked more than forty hours in a workweek and were not properly compensated for those additional hours."). In short, Plaintiffs object to being paid on an allocated job basis, but this

practice is not unlawful, and the Complaint does not allege sufficient facts from which an inference can be made that during at least one workweek Plaintiffs worked in excess of 40 hours and were not paid proper overtime wages. Again, the Court finds that at this stage in the proceedings, Plaintiffs must neither detail all the hours they worked nor calculate the amount of overtime wages they did not receive, but they must set forth facts to show a plausible overtime violation occurred, which Plaintiffs have not done.  Iqbal, 556 U.S. at 678; Landers, 771 F.3d at 644-46.

In sum, allegations that Plaintiffs were paid on an allocated job basis and one example when an employee worked two hours more than the time Defendant allotted for cleaning a house are not enough.  The Court finds the Complaint fails to state a violation of the overtime requirements of either the FLSA or the MMWL

**B. The Court Declines to Exercise Supplemental Jurisdiction over Remaining State Law Claims.**

Defendant moves that the Court abstain from exercising jurisdiction over Count V of Plaintiff's Complaint pursuant to 28 U.S.C. § 1367(c)(1).  Defendant argues that Plaintiffs' claims in Count V present a matter of first impression under Missouri law.  In Count V, Plaintiffs assert that their pay was unlawfully reduced without 30-days' notice in violation of Mo. Rev. Stat. § 290.100.  Defendant argues that no Missouri appellate court has issued an opinion or guidance regarding the application of this statute to the circumstances presented in this case and, therefore, the Court should decline to exercise supplement jurisdiction because the claims in Count V "raise[] a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

Plaintiffs bring their cause of action in federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  As no federal claims remain in this case, it is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once the Court has

dismissed "all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); see Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786, 792–93 (8th Cir. 2018); see generally Brown v. Mortg. Elec. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013).  The Court agrees with Defendant that the remaining claims are best suited for resolution by a Missouri state court, and the Court in its discretion, declines to exercise supplemental jurisdiction over Count V and dismisses it without prejudice.  See § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed).

## V. Conclusion

In sum, the Court finds Plaintiffs' Complaint fails to sufficiently set forth factual allegations that plausible state claims of overtime and minimum wage violations under either the FLSA or the MMWL.  The Court, therefore, dismisses Count I, II, III, and IV.  Plaintiffs concede they have failed to state claims in Count VI, and the Court dismisses the state law claims in Count VI for negligence per se.  Finally, as no federal claims remain in this case, the Court dismisses without prejudice Plaintiffs' Missouri state law claims in Count V.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant EthruE-001, LLC's Motion to Dismiss is **GRANTED.** [ECF No. 8].  Counts I, II, III, IV of the Complaint are dismissed with prejudice.  Plaintiffs Chrystal LaCour and Madysen Sitton concede and voluntarily dismiss Count VI, and it is dismissed without prejudice.

**IT IS FURTHER OREDERED** that Defendant EthruE-001, LLC's Motion to Abstain from Exercising Jurisdiction over Count V pursuant to 28 U.S.C. § 1367(c) is **GRANTED.**  Count V of the Complaint is dismissed without prejudice.  [ECF No. 12].

The Court will issue a separate Order of Dismissal.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of April, 2024.